**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOSE DANIEL MANZANO GUERE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1906-SLP** |
| | ) | |
| **WARDEN/FACILITY ADMINISTRATOR, Diamondback Correctional Facility, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Jose Daniel Manzano Guere, a noncitizen[1] and Venezuelan national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States Chief District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 5. The undersigned set an expedited briefing schedule, Doc. 7, and the Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days or otherwise to release him if there is no hearing within that time.

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. **<u>Background</u>**

Petitioner, a citizen of Venezuela, presented himself for inspection at the Eagle Pass, Texas Port of Entry on May 28, 2023, pursuant to a scheduled CBP One appointment. Pet. at 2; Doc. 1-1 at 1 (Petitioner's Admission Record); Doc. 9-1 at 1 (Notice to Appear). On the same day, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear and charged him with being inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i) as an immigrant not in possession of valid documents at the time of entry. Doc. 9-1 at 1, 4. ICE later granted him humanitarian parole into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A). Pet. at 2; Resp. at 8, 17; Doc. 1-1 at 1; Doc. 9-2 at 2 (Petitioner's ICE Record). In October 2023, Petitioner timely filed an application for asylum, which remains pending. Pet. at 2. Petitioner's parole expired on May 26, 2024. Resp. at 8; Doc. 1-1 at 1. Since entering the United States, Petitioner alleges he was authorized to work and has no criminal record. Pet. at 2. Petitioner also alleges he was granted Temporary Protected Status ("TPS"). *Id.*[2]

On June 30, 2026, ICE detained Petitioner while he was driving to work. *Id.*; Doc. 9-2 at 2; Doc. 9-3 (Warrant for Arrest). Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b). Resp. at 17-20. Petitioner did not allege he requested a bond hearing. Such a request, though, would likely be futile because all Immigration Judges ("IJs") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N

[2] The Department of Homeland Security terminated TPS designation for Venezuela on November 7, 2025. Resp. at 8.

Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 2. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Sept. 2, 2026).

## II. <u>Petitioner's Claims</u>

Petitioner asserts four counts in his Petition.

- **Count I: Violation of Due Process.** Petitioner alleges his detention without "any hearing, bond determination, or individualized justification" violates due process. Pet. at 4-5.
- **Count II: Warrantless Arrest**. Petitioner alleges he was seized without a warrant or showing of flight risk while lawfully driving to work, which "taints his detention" and "underscores the absence of any individualized basis for his custody." *Id*. at 5.
- **Count III: Conditions of Confinement Violate Due Process.** Petitioner alleges his detention in a cell without access to sunlight or outdoor recreation as a civil detainee without a criminal record violates due process. *Id.*
- **Count IV: Unjustifiable Detention**. Petitioner alleges no factor justifies his detention considering his pending asylum claim, approved TPS status, work permit, steady employment, and lack of criminal history. *Id*. at 5-6.

He asks the Court to "order [his] release from custody under an order of supervision with reasonable non-monetary conditions," or, in the alternative, to "order that any individualized justification for [his] continued detention be articulated promptly before this Court, with the burden on Respondents" or that he be released "no later than the ninetieth day of his detention." *Id.* at 6.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Petitioner sufficiently states a claim for relief.

At the outset, the undersigned is not persuaded by Respondents' assertion that Petitioner fails to sufficiently allege a claim for relief. Resp. at 9-17. Respondents assert the Petition "offers nothing more than the speculative possibility that [Petitioner's] detention is unlawful" and the "bald assertions, as plead, are unsupported by the factual allegations and fail to rise a plausible legal theory that would put the Federal Respondents on notice as to what might make his detention illegal." Resp. at 12.

First, Petitioner is proceeding pro se, meaning his filing must be liberally construed. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). When reading the Petition as a whole, it is clear Petitioner is challenging Respondents' decision to detain him without an individualized bond hearing. *See* Pet. at 4 (challenging "detention without any individualized custody determination"); *id.* at 6 (seeking "any individualized justification for Petitioner's continued detention"); *see also* Reply at 2-4 (clarifying Petitioner is seeking a bond hearing and Respondents' failure to provide one violates § 1226(a) the Immigration and Nationality Act).

Further, Respondents' assertion is belied by their own pleading. Respondents were indeed able to respond to the Petition, which does not raise novel issues or questions of law from those recently considered previously by this Court. *See, e.g., Ping v. U.S. Dist. Ct.*, No. CIV-26-646-R, Doc. 12 at 2 (W.D. Okla. Apr. 29, 2026) (dismissing respondents' motion to dismiss and noting "Respondents' ability to make a merits-based argument in opposition to Petitioner's requested habeas relief belies their contention that they are unable to identify or respond to the claims."). Accordingly, the undersigned finds it clear that Petitioner is challenging his immigration detention pursuant to § 1225 and alleging he is properly detained under § 1226.

**B. Section 1226(a) applies to Petitioner's detention.**

While Petitioner does not explicitly allege a violation of the Immigration and Nationality Act ("INA") in the Petition, to determine what process is due to him, the Court must first analyze what provision governs his detention. The two sections of the INA at issue are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Section 1225(b)(1) "governs procedures for the inspection of aliens arriving in the United States who have not been admitted or paroled." *M.S.P.C. v. U.S. Customs & Border Prot.*, 60 F. Supp. 3d 1156, 1161 (D.N.M. 2014) (citing § 1225(b)(1)).

> Aliens who have not been admitted or paroled into the United States and who have not satisfactorily demonstrated to an immigration officer that the alien has been physically present in the United States continuously for the prior two years are subject to expedited removal without further hearing or review, unless the alien indicates an intention to apply for asylum or a fear of

> persecution, at which point the immigration officer shall refer the alien for an interview by an asylum officer.

*Id.* (citing § 1225(b)(1)(A)(i)-(iii)). Section 1225(b)(1)(B)(ii) further requires that, if an asylum officer determines that a noncitizen has a credible fear of persecution, the noncitizen shall be detained for further consideration of the application for asylum.

Fundamentally, under § 1225(b)(1), a noncitizen who arrives at a port of entry and applies for admission is ordered removed "without further hearing or review" unless the noncitizen "indicates either an intention to apply for asylum" or expresses a fear of persecution. If Petitioner is subject to this "expedited removal" under § 1225(b)(1), he is not entitled to a bond hearing. But noncitizens detained under § 1225(b)(1)(B)(ii) can be paroled under 8 U.S.C. § 1182(d)(5)(A). On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Petitioner alleges his continued detention "without any individualized custody determination" violates due process, Pet. at 4, which the undersigned understands to be a request for a bond hearing under § 1226(a). Respondents maintain Petitioner is properly detained under § 1225(b) because his status returned to that of an "arriving alien" when his parole expired on May 26, 2024. Resp. at 17-22.

Petitioner was apprehended in the interior of the country in June 2026 and had been living in the United States for more than three years after he was granted parole in May

2023 and more than two years after his parole expired. Doc. 1-1 at 1; Doc. 9-3. The undersigned finds it implausible under these circumstances that Petitioner remains an "arriving alien." Under § 1225(b)(1), "someone arriving in the United States is someone who has reached the border or a port of entry." *Rafibaev v. Noem*, No. 26-CV-00461, 2026 WL 607559, at *3 (D. Colo. Mar. 4, 2026) (citation modified). Thus, "upon his parole into the interior of the country, petitioner had arrived in the United States and was no longer a noncitizen *arriving* in the United States." *Id.* (emphasis added) (citation modified).

This Court has previously concluded "§ 1225(b)(1) doesn't apply in circumstances where the noncitizen has resided in the United States before their parole under § 1182(d)(5) is revoked." *Pena Rebolledo v. Figueroa*, No. CIV-26-959-SLP, 2026 WL 2211681, at *1 (W.D. Okla. July 31, 2026); *see also Sukuev v. Gantt*, No. CIV-26-532-SLP, 2026 WL 2323188, at *1 (W.D. Okla. Aug. 11, 2026) (collecting cases and same); *Drozdov v. Lyons*, No. CIV-26-365-SLP, 2026 WL 1470929, at *2 (W.D. Okla. May 26, 2026) (same). Accordingly, Judges in this District, including this Court, have held a noncitizen re-detained after revocation of § 1182(d)(5) parole is held pursuant to § 1226(a), and "because Respondents have not shown that § 1225(b) applies, the more general provisions of § 1226 govern Petitioner's detention." *Aitiev v. Gantt*, No. CIV-26-997-R, 2026 WL 2125893, at *2 (W.D. Okla. July 23, 2026) (citation omitted); *see also Sukuev*, 2026 WL 2323188, at *1-2 (finding "Petitioner's detention is governed by § 1226(a)"); *Pena Rebolledo*, 2026 WL 2211681, at *1-2 (same); *Drozdov*, 2026 WL 1470929, at *2 (same); *accord Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026) (finding where a "Petitioner was paroled into the United States, permitted to reside

in the interior of the country for several years, pursued his asylum application, and complied with the conditions of his release before being re-detained," his "detention is mo[st] naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)"). Therefore, consistent with prior decisions of this Court and in this District, the undersigned recommends that the Court apply § 1226(a) to govern Petitioner's current detention.

**C. The proper remedy is a bond hearing.**

Petitioner seeks his "release from custody under an order of supervision with reasonable non-monetary conditions," or, in the alternative, an "individualized justification for [his] continued detention be articulated promptly before this Court, with the burden on Respondents" or that he be released "no later than the ninetieth day of his detention." Pet. at 6. The undersigned, however, concludes a bond hearing before an IJ is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1248, 1251 n.13 (10th Cir. 2026) ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him."); *see also Aitiev*, 2026 WL 2125893, at *2 (citing *Santillan Quiroz* and finding "that a bond hearing is the proper remedy" where "the more general provisions of § 1226 govern" rather than § 1225(b)(1)); *Sukuev*, 2026 WL 2323188, at *2 & n.5 (same); *Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) ("An individualized custody redetermination hearing would provide Petitioner with the process he is due under the statute.").

Further, Judges in this District, including this Court, have consistently declined to order burden shifting. *See, e.g., Guzman Morales v. Mullin*, No. CIV-26-587-SLP, 2026 WL 1962374, at *2 (W.D. Okla. July 7, 2026) (declining to address petitioner's burden-shifting claim). Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release him if he does not have a lawful bond hearing within that period.[3]

**D. The Court should decline to address Petitioner's remaining claim.**

Petitioner also challenges his seizure without a warrant[4] and his conditions of

[3] While Judges in this District, including the undersigned, have considered release for noncitizens whose earlier humanitarian parole under § 1182(d)(5) was improperly revoked, the undersigned concludes here Petitioner has not sufficiently raised a claim alleging the circumstances of his parole revocation and re-detention entitle him to release rather than a bond hearing. *Accord Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2 (W.D. Okla. May 4, 2026) (ordering release where ICE improperly revoked petitioner's prior humanitarian parole). Further, Judges in this District have recently declined to find termination of parole under § 1182(d)(5)(A) entitles a noncitizen to release. *See, e.g., Aitiev*, 2026 WL 2125893, at *2 (finding a similarly situated petitioner "has a protected liberty interest in remaining out of custody" but declining to hold re-detention in violation of § 1182(d)(2) entitles him to additional relief); *accord Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *2 n.2 (W.D. Okla. July 29, 2026) (finding in analogous circumstances that termination of humanitarian parole under § 1182(d)(5)(A) provides "no avenue for relief"). Accordingly, the undersigned does not address such a claim or recommend Petitioner's release on that basis.

[4] To the extent Petitioner challenges his seizure without a warrant, *see* Pet. at 5, Respondents provided his arrest warrant dated June 30, 2026—the same day of his detention. Doc. 9-3 (Warrant for Arrest).

confinement,[5] and he alleges his detention is unjustifiable. Pet. at 5-6. If the Court grants habeas relief to Petitioner with a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of Petitioner's remaining claims. *See, e.g.*, *Singh v. Mullin*, No. CIV-26-601-SLP, 2026 WL 1661971, at *3 (W.D. Okla. June 9, 2026) (declining to decide the merits of a petitioner's additional due process claim when adopting the recommended relief of a bond hearing pursuant to § 1226(a)).

## V. <u>Recommendation and Notice of Right to Object</u>

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **September 10, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **September 15, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual

---

[5] A petitioner who challenges "the fact or duration" of his confinement and seeks release from ICE custody must bring a § 2241 habeas petition, but a detainee's challenge to the conditions of his confinement must be brought through a civil rights action under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). As such, Petitioner's allegations related to the conditions of his confinement are not properly raised in this Petition. *See, e.g.*, *Ndou v. Noem*, No. 26-CV-220, 2026 WL 686564, at *4 (D.N.M. Mar. 11, 2026) (finding an immigration habeas petitioner's "claims related to conditions of confinement are properly raised under a civil rights action, not a habeas corpus petition").

and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 2nd day of September, 2026.

Chris M. Stephens
______________________________
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE