**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOSE DANIEL MANZANO GUERE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. CIV-26-1906-SLP |
| WARDEN/FACILITY ADMINISTRATOR, Diamondback Correctional Facility, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**O R D E R**

Before the Court is the Report and Recommendation [Doc. No. 11] (R&R) of United States Magistrate Judge Chris M. Stephens. The Magistrate Judge recommends granting, in part, the Petition. Respondents have filed an Objection [Doc. No. 12], and the matter is at issue. For the reasons that follow, the Court GRANTS, in part, the Petition.

Petitioner is a citizen of Venezuela. On May 28, 2023, he entered the United States at the Eagle Pass, Texas Port of Entry, where he presented himself for inspection. The same day he was placed into removal proceedings through the issuance of a Notice to Appear and was charged with being inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i). ICE later granted Petitioner humanitarian parole into the United States pursuant to 8 U.S.C. § 1182(d)(5). Petitioner's parole expired on May 26, 2024. Petitioner has filed an application for asylum which is currently pending. On June 30, 2026, ICE detained Petitioner while driving to work. Petitioner was detained at Diamondback Correctional Facility in Watonga, Oklahoma at the time his Petition was filed. Petitioner has been

continuously detained without bond since his arrest pursuant to the detention provisions set forth in 8 U.S.C. § 1225(b)(1).

On June 15, 2026, Petitioner filed this action. The Magistrate Judge liberally construed the Petition to argue that ICE violated the INA and applicable regulations by subjecting Petitioner to mandatory detention under 8 U.S.C. § 1225(b) and by failing to provide him with a bond hearing as required by 8 U.S.C. § 1226(a). As relief, Petitioner seeks release from custody subject to an order of supervision, or in the alternative, that "any individualized justification for [his] continued detention be articulated promptly before this Court, with the burden on Respondents." [Doc. No. 1] at 6.

The Magistrate Judge recommended that the Court grant habeas relief and order Respondents to provide a bond hearing within seven (7) or to otherwise release Petitioner if he does not receive a bond hearing within that period.

Respondents assert that Petitioner is subject to mandatory detention under § 1225(b)(1) upon expiration of his parole. However, this Court has previously "found that § 1225(b)(1) doesn't apply in circumstances where . . . the noncitizen has resided in the [United States] for several years before their parole under § 1182(d)(5) is revoked." *Drozdov v. Lyons*, No. CIV-26-265-SLP, 2026 WL 1470929, at *2 (W.D. Okla. May 26, 2026); *Uulu v. Gantt*, No. CIV-26-611-SLP, 2026 WL 2138028, at *1 (W.D. Okla. July 24, 2026); *Sukuev v. Gantt*, No. CIV-26-532-SLP, 2026 WL 2323188, at *1 (W.D. Okla. Aug. 11, 2026); *Pena Rebolledo v. Figueroa*, No. CIV-26-959-SLP, 2026 WL 2211681, at *1 (W.D. Okla. July 31, 2026); *see also Singh v. Mullin*, No. CIV-26-601-SLP, 2026 WL 1661971, at *2 (W.D. Okla. June 9, 2026) (finding revocation of parole does not return

petitioner to their prior status at border). The Court's finding of the inapplicability of § 1225(b) to Petitioner's circumstances is consistent with decisions within this judicial district and across the country. *See*, *e.g.*, *Ochilov v. Grant*, No. CIV-26-526-R, 2026 WL 1896139, at *2 (W.D. Okla. July 1, 2026); *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *1-2 (W.D. Okla. June 29, 2026); *Khubiev v. Baltasar*, No. 25-cv-03955-STV, 2026 WL 864237, at **5-6 (D. Colo. Mar. 30, 2026); *Flores v. Leyva*, No. 4:26-cv-00060-DN-PK, 2026 WL 1830958, at **8-10 (D. Utah June 25, 2026); *Salgado v. Francis*, No. 25-CV-6524 (VEC), 2026 WL 915304, at *6 (S.D.N.Y. April 3, 2026). The Court finds Respondents' position unpersuasive and reconsideration of the Court's prior decisions is not warranted.[1]

Because Petitioner is treated similar to "any other applicant for admission to the United States," the Court finds Petitioner's detention is governed by §1226(a).[2] *See*

[1] Additionality, the Court has previously found the Tenth Circuit and Supreme Court authority relied upon by Respondents is distinguishable and does not apply to circumstances similar to Petitioner's. *See Drozdov*, 2026 WL 1470929, at *2 (rejecting applicability of *Baca-Prieto v. Guigni*); *Uulu*, 2026 WL 2138028, at *1, n. 1 (rejecting applicability of *Sierra v. INS*); *Pena Rebolledo*, 2026 WL 2211681, at *1, n. 1 (rejecting applicability of *Kaplan* and *Leng May Ma*). Furthermore, the Court does not find that the Supreme Court's recent decision in *Blanche v. Lau*, 146 S. Ct. 1981 (2026) controlling. The *Lau* Court addressed the issue of whether a lawful permanent resident actively attempting to re-enter the United States was properly deemed an applicant for admission after commission of a crime of moral turpitude. *See Lau*, 146 S. Ct. at 1987-88. Beyond the differences in the factual circumstances and status of the noncitizen, the *Lau* decision is not applicable to Petitioner's circumstances as the decision does not address the effect of termination of parole under § 1182(d)(5) nor detention under 1225(b)(1).

[2] The Tenth Circuit recently held that 8 U.S.C. § 1225(b)(2) does not apply to "noncitizens who entered the United States and were thereafter detained in the interior of the country." *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026). Pointedly, the Tenth Circuit did not reach the issue of whether such individuals arrested in the interior of the country could be subject to detention under § 1225(b)(1)(A). *See id.* at 1237, n. 6. However, as discussed above, the Court has previously found in circumstances similar to Petitioner that an immigration detainee is not

*Drozdov*, 2026 WL 1470929, at 3 (finding the same); *Singh*, 2026 WL 1661971, at *3 (same). Accordingly, Petitioner is entitled to an individualized bond hearing.[3]

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 11] is ADOPTED and the Petition [Doc. No. 1] is GRANTED IN PART. Respondents are ORDERED to provide Petitioner with a proper bond hearing, before an immigration judge, pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order.

IT IS FURTHER ORDERED that Respondents shall file a Notice of Compliance on or before 5:00 p.m., on November 30, 2026. If Respondents fail to timely comply, including a failure to timely file a Notice, Petitioner shall immediately be released from custody. *See* 28 U.S.C. §§ 2241, 2243.[4]

IT IS FURTHER ORDERED that Respondents' counsel is directed to provide a copy of this Order to the warden of the facility where Petitioner is currently detained.

A separate judgment shall be entered.

IT IS SO ORDERED this 18th day of November, 2026.

---

subject to mandatory detention under § 1225(b)(1), rather, that they are subject to the provisions of § 1226(a).

[3] Petitioner requested in his Petition his release from custody. However, because the Court is limiting relief to Petitioner's statutory claim, the Court finds that the proper remedy is a bond hearing. *See, e.g.*, *Uulu v. Gantt*, 2026 WL 2138028 at *2; *Zhakhonov*, 2026 WL 1865418, at *3.

[4] "In issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters as law and justice require." *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (citing 28 U.S.C. § 2243); *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release."); *see also Dep't of Homeland Sec. v. Thuraissigiam,* 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention.").

Scott L. Palk

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**